**FILED**
**U.S. District Court**
**District of Kansas**
06/25/2026
**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

LARRY E. GATLIN, III,

**Plaintiff,**

v.                                                                  **CASE NO. 26-3143-JWL**

(FNU) BARGERSTOCK, et al.,

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff and state pretrial detainee Larry E. Gatlin, III filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff currently is incarcerated at the Wyandotte County Detention Center ("WCDC") in Kansas City, Kansas. He has been granted leave to proceed in forma pauperis (Doc. 4) and has paid the required initial partial filing fee. The Court has conducted the statutorily required review of the complaint and identified deficiencies that are set forth below and that leave it subject to dismissal in its entirety. The Court will grant Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies identified herein.

I.    **Nature of the Matter before the Court**

As Defendants in this matter, Plaintiff names: Sergeant (fnu)[1] Bargerstock of the Edwardsville Police Department; Wyandotte County Sheriff's Department ("WCSD") deputies M.T. Johnson and S.N. Avenado; WCSD Captain Jonathon Cortes; the Unified Government of Wyandotte County; the Board of Commissioners of Wyandotte County; the Board of Commissioners of Douglas County, Kansas; Douglas County prosecutors Elizabeth Hofaka and

---

[1] To indicate "first name unknown," the Court uses "(fnu)."

1

Cody Smith; and the State of Kansas. (Doc. 1, p. 1.)

As the background to this case, Plaintiff asserts that in September 2025, Defendant Hofaka falsely reported that he was stalking her; in February 2026[2], he found threatening notes on his car saying he would be silenced after therapy; and he was issued traffic citations on days he was not pulled over. *Id.* at 2. Plaintiff further alleges that later that month, after he left therapy, Defendant Bargerstock hunted him, attacked him, and pointed a gun at his head, causing Plaintiff to crash his car. *Id.* After the crash, Defendant Bargerstock took Plaintiff's picture and he was taken to jail. *Id.*

Plaintiff alleges that during the intake process, Defendant Johnson twisted Plaintiff's wrist and kneeled on his neck. *Id.* Plaintiff asserts that he was then "forced into" suicide watch for 3 days and wrongly placed into administrative segregation, which meant he could not access commissary for 33 days. *Id.* Plaintiff states that on April 18, 2026, Defendants Cortes and Avenado sexually harassed him and locked him in a shower. *Id.* They then forced him to become naked, in violation of his religious beliefs, by threatening him with pepper spray; they also sprayed chemical soap into his eyes for 2 minutes while they laughed. *Id.*

In Count I of the complaint, Plaintiff asserts the violation of the Fourth Amendment to the United States Constitution and the Ku Klux Klan Act of 1871. (Doc. 1, p. 3.) He further asserts the "Denial of Civil Rights § 12361,"[3] negligent and intentional infliction of emotional distress, manifest injustice, judicial deception, defamation, an "overwhelming police presence while caring for the disabled," "Estopell [and] Duress," a neglectful failure to prevent interference with civil rights, abusive litigation, and racial and ethnic harassment. (Doc. 1, p. 3 (all errors in original).)

---

[2] Plaintiff does not identify the year of these events, but liberally construing the pro se complaint, it appears that they occurred in 2026. Plaintiff is cautioned that he must provide exact dates to the best of his ability when alleging facts in his complaint.

[3] The Court is unsure what statutory provision Plaintiff intends to allege was violated. Section 12361 of Title 34 "establish[es] a Federal civil rights cause of action for victims of crimes of violence motivated by gender." *See* 34 U.S.C. § 12361(a). But Plaintiff does not allege any facts that reflect that he was the victim of a violent crime motivated by gender.

2

As supporting facts for Count I, Plaintiff states:

> Since the August 22nd [illegible] of Jackson v. Lockridge Douglas County prosecutors Elizabeth Hofaka [and] Cody Smith have conspired through Abusive Litigation, Vexation, Abuse of [illegible] and Judicial Deception to manifest Civil Rights Injustice. Estop [and] Duress the civil suit by finagelling summoning me, without notice. Placing false charges against my name committing Defamation, increased police presence by Robe, ca[u]sing emotion Distress!

*Id.* (all errors in original).

In Count II, Plaintiff asserts:

> Estop[pel and] Duress, unconstitutional checkpoint, state-created Danger[,] 3 Counts of Wanton Cruelty to Federal witness, unlawful violations of Rehabilitation Act § 50429 DSC 794. Judicial Deception 14th [and] 8th Amendment. A.D.A., Kansas Tort Claims Act. 5th Amendment. Intentional Indifference. Retaliation[.] Wrongful[] Incar[cer]ation criminal [illegible] to mental disability. Excessive force.

*Id.* (all errors in original).

The facts alleged in support of Count II begin on February 10, 2026, when Defendant Bargerstock encountered Plaintiff during a check point conducted with officers from Immigration and Customs Enforcement ("ICE"). (Doc. 1, p. 3.) Over the next three-and-a-half handwritten pages, Plaintiff alleges extensive facts, in part setting them forth as a day-by-day list of events that occurred between February 10 and March 9, 2026. *Id.* at 3-6. It is not clear which facts are intended to show which violations or torts listed in Count II.

In Count III, Plaintiff asserts: "2 episodes of Forced Torture wrongful Incarceration. Cruel [and] unusual punishment. 1st, 4th, 8th, [and] 14th Amendment. Excessive Force, 1st Amendment, [Negligent Infliction of Emotional Distress], Intentional Indifference. Mental cruelty. Forced Starvation [and] Maln[o]urishment. Sexual Har[]assment. Malicious Prosecution. Hate crime. Conspiring against civil Rights. Denial of Civil Rights[.]" *Id.* at 7. In support of Count III, Plaintiff alleges that on February 10, 2026, Defendant Johnson maliciously twisted Plaintiff's wrist while

3

he was handcuffed, tearing ligaments in Plaintiff's wrist. *Id.* When Plaintiff expressed that he was in extreme pain, Defendant Johnson "stripped [Plaintiff] naked with exceeding force" and kneeled on Plaintiff's neck. *Id.* Plaintiff further alleges that Defendant Johnson misused the disciplinary process, "forcing [Plaintiff] to starve for 33 days." *Id.*

Also in support of Count III, Plaintiff alleges that on April 18, 2026, Defendants Cortes and Avenado locked him in a shower, threatened him with pepper spray so that he would become naked, and sprayed chemical soap in his eyes for 2 minutes. *Id.* Plaintiff alleges that on April 23, 2026, Defendants Cortes and Avenado threatened to do it all again and to tase him if he did not "get naked," which Plaintiff states is against his Catholic faith. *Id.* As relief in this case, Plaintiff seeks his immediate release to "safe confines" and a "witness protection [i]njunction" ordering his protection until the completion of Case No. 25-3013,[4] which is currently pending in this Court. *Id.* at 8. Plaintiff further seeks attorney fees, money damages, injunctive relief, and punitive damages in the amount of $13,000,000.00. *Id.*

## II.    Screening Standards

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the

---

[4] *Jackson v. Lockridge, et al.*, Case No. 25-3013, is a "civil rights case under 42 U.S.C. § 1983 based on incidents occurring during his detention at the Wyandotte County Jail in Kansas City, Kansas." *Jackson v. Lockridge*, 2026 WL 1653414, *1 (D. Kan. Jun. 8, 2026) (unpublished). Although the undersigned presided over the initial screening phase of that case, it has since been reassigned to United States District Judge Eric F. Melgren and Magistrate Judge Jennifer B. Wieland. (Docs. 37 and 43.) Plaintiff is not a party to that case, although it appears that Plaintiff alleges that the plaintiff in that case, Durayle Jackson, is a member of his family, a relationship that Plaintiff believes has led to his being mistreated by law enforcement and the state courts.

Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Tenth Circuit has explained more specifically "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007).

"[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the

allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## III.    Discussion

### A.  Rule 8

The complaint now before the Court fails to comply with Rule 8 of the Federal Rules of Civil Procedure.[5] Rule 8 requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (citation omitted). "To state a claim, a complaint 'must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009) (quoting *Robbins*, 519 F.3d at 1250). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013).

> "[A]ll that is necessary [to satisfy Rule 8] is that the claim for relief be stated with brevity, conciseness, and clarity, a standard articulated many times over by federal courts throughout the country." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215, at 165 (3d ed.2004). This Court has upheld such a standard of brevity and clarity in pleadings. *See Blazer v. Black,* 196 F.2d 139, 144 (10th Cir.1952) ("[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable

---

[5] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

grounds."); *Knox v. First Sec. Bank of Utah*, 196 F.2d 112, 117 (10th Cir.1952) ("The purpose of [Rule 8] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."). A Rule 8 pleading is not the proper place for the plaintiff to plead all of the evidence or to fully argue the claims. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–513, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002).

*Chavez v. Huerfano Cnty.*, 195 F. App'x 728, 729-30 (10th Cir. Sept. 1, 2006) (unpublished).

Even liberally construing the pro se complaint, the Court cannot determine the basis of most of the claims alleged therein, nor can the Court be confident that the complaint would give opposing parties fair notice of the basis of the claim or claims against them. Although a plausible claim for relief may be buried somewhere within Plaintiff's lists of legal terms and his wide-ranging factual allegations, "[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case." *See id.* at 730.

"Prolixity undermines a complaint's utility." *Lyman v. Bd. of Cnty. Comm'rs of Cnty. of Geary Cnty., Kansas*, 2025 WL 2855388, at *6 (D. Kan. 2025) (citation omitted). "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)). A plaintiff risks running "afoul of Rule 8 through unnecessary length and burying of material allegations in 'a morass of irrelevancies.'" *Lyman*, 2025 WL 2855388, at *6 (citation omitted).

Plaintiff fails to provide any factual support for any claims based on defamation, the Rehabilitation Act of 1973, or the Americans with Disabilities Act. Similarly, his references to negligent and intentional infliction of emotional distress, judicial deception, estoppel, duress, state-created danger, and racial, ethnic, and sexual harassment are not tied to any specific factual

7

allegations. He merely lists the claims without elaboration. As stated above, pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. Plaintiff must do more than state label and legal terms and assert conclusions. *See Twombly*, 550 U.S. at 555. He must explain what each Defendant did to him, when the Defendant did it, how it harmed him, and what specific legal right he believes that Defendant violated. *See Nasious*, 492 F.3d at 1163 (10th Cir. 2007).

When a plaintiff fails to comply with Rule 8, this Court is authorized to dismiss the complaint. *See Nasious*, 492 F.3d at 1162 n.3; *Chavez*, 195 Fed. App'x at 730 (affirming dismissal without prejudice for violation of Rule 8). Rather than immediately imposing such a harsh consequence, however, the Court will allow Plaintiff an opportunity to amend his complaint to clearly set forth the basis for his claims in this matter. In the interest of efficiency, the Court will identify additional deficiencies in the complaint so that Plaintiff may ensure they are cured in his amended complaint.

### B. The State

The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment, which presents a general jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). For § 1983 purposes, a state official is the state itself when sued in his or her official capacity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Colby v. Herrick*, 849 F.3d 1273, 1276 (10th Cir. 2017).In addition, "[s]ection 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3 1152, 1161 n.5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 27, 30 (1991)).

### C.  Direct Personal Participation and Supervisory Liability

It appears that Plaintiff may name certain defendants in the complaint because they exercise supervisory authority over the individuals who allegedly violated Plaintiff's rights. Generally speaking, this type of supervisory responsibility is insufficient. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

In addition, to impose § 1983 liability on a county and its officials for acts taken by its employee, Plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *See Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978)). "[A] municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989).

### D.  Joinder

Federal Rule of Civil Procedure 20(a)(2) governs permissive joinder of defendants and provides:

9

(2) Defendants. Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Rule 18(a) governs joinder of claims and provides: "A party asserting a claim . . . may join . . . as many claims as it has against an opposing party."

While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F. Supp. 2d 1210, 1225 (D. Kan. 2001) (citation omitted). The Court of Appeals for the Seventh Circuit has explained that under "the controlling principle" in Rule 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *Id.*; *see also Gillon v. Fed. Bureau of Prisons*, 424 F. App'x 722, 725 (10th Cir. 2011) (unpublished) (where amended complaint combined separate and unrelated claims, many arising out of different alleged incidents against multiple defendants, court rejected plaintiff's argument that his claims were related because they all alleged constitutional violations relating to overarching allegation of retaliation by prison officials).

In sum, under Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

It is not clear from the complaint that Plaintiff's multiple claims involve all named defendants or that his claims against all defendants arise from the same transaction or occurrence and involve common questions of law or fact. Thus, the complaint violates both Rule 18(a) and 20(a)(2). It names multiple defendants not shown to be connected to all claims raised in the complaint by a common occurrence or question of fact or law and it contains claims not related to other claims against different defendants.

### E.  Relief Requested

Part of the relief Plaintiff seeks in this case is his release from the Wyandotte County Detention Center. (Doc. 1, p. 8.) Such relief is unavailable in this § 1983 action. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005).

## IV.    Amended Complaint Required

For the reasons set forth above, this action is subject to dismissal in its entirety because it does not comply with Rule 8. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon the required, court-approved form that cures all the deficiencies discussed herein. Plaintiff is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint and the attachment thereto.

Plaintiff must write the number of this case (26-3143) at the top of the first page of his

amended complaint. He must name only defendants who may be sued under § 1983 and he must allege sufficient facts to show that each defendant personally participated in a federal constitutional violation. For each Count, he must clearly identify the constitutional right or rights he believes was violated and he must identify the specific facts that support each alleged violation. Plaintiff must follow the instructions on the required, court-approved complaint form and set forth the information requested therein. Plaintiff may attach additional pages to the required form as necessary, but he must clearly label any additional pages so that the Court and opposing parties can determine which facts support Count I, Count II, Count III, etc. Legal claims that are not designated as Counts may not be considered as a basis for any request for relief.

If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff under Rule 8. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **July 27, 2026**, to file a complete and proper amended complaint that cures all the deficiencies discussed in this order. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED: This 25th day of June, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

12