IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LARRY E. GATLIN, III,

Plaintiff,

v.                                                        CASE NO. 26-3143-JWL

BRENNAN BARGERSTOCK, et al.,

Defendants.

**MEMORANDUM AND ORDER**

Plaintiff and state pretrial detainee Larry E. Gatlin, III filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) He is currently incarcerated at the Wyandotte County Detention Center ("WCDC") in Kansas City, Kansas. He has been granted leave to proceed in forma pauperis (Doc. 4) and has paid the initial partial filing fee. This matter comes now before the Court on Plaintiff's amended complaint (Doc. 6), filed on July 14, 2026. The Court has conducted the statutorily required review of the amended complaint and finds that it suffers the same deficiencies as the Court identified in the initial complaint, including the failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Therefore, this matter will be dismissed.

**I. Procedural History and Initial Complaint**

Plaintiff filed his initial complaint in May 2026. (Doc. 1.) Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court was required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes Plaintiff's pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers."

1

*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court does "not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

On June 25, 2026, the Court issued a memorandum and order ("M&O") that summarized the background of the case as alleged in the complaint and described Plaintiff's claims as follows:

> In Count I of the complaint, Plaintiff asserts the violation of the Fourth Amendment to the United States Constitution and the Ku Klux Klan Act of 1871. (Doc. 1, p. 3.) He further asserts the "Denial of Civil Rights § 12361," negligent and intentional infliction of emotional distress, manifest injustice, judicial deception, defamation, an "overwhelming police presence while caring for the disabled," "Estopell [and] Duress," a neglectful failure to prevent interference with civil rights, abusive litigation, and racial and ethnic harassment. (Doc. 1, p. 3 (all errors in original).)

> As supporting facts for Count I, Plaintiff states:

> > Since the August 22nd [illegible] of Jackson v. Lockridge Douglas County prosecutors Elizabeth Hofaka [and] Cody Smith have conspired through Abusive Litigation, Vexation, Abuse of [illegible] and Judicial Deception to manifest Civil Rights Injustice. Estop [and] Duress the civil suit by finagelling summoning me, without notice. Placing false charges against my name committing Defamation, increased police presence by Robe, ca[u]sing emotion Distress!

> *Id.* (all errors in original).

> In Count II, Plaintiff asserts:

> > Estop[pel and] Duress, unconstitutional checkpoint, state-created Danger[,] 3 Counts of Wanton Cruelty to Federal witness, unlawful violations of Rehabilitation Act § 50429 DSC 794. Judicial Deception 14th [and] 8th Amendment. A.D.A., Kansas Tort Claims Act. 5th Amendment. Intentional Indifference. Retaliation[.] Wrongful[] Incar[cer]ation criminal [illegible] to mental disability. Excessive force.

2

*Id.* (all errors in original).

The facts alleged in support of Count II begin on February 10, 2026, when Defendant Bargerstock encountered Plaintiff during a check point conducted with officers from Immigration and Customs Enforcement ("ICE"). (Doc. 1, p. 3.) Over the next three-and-a-half handwritten pages, Plaintiff alleges extensive facts, in part setting them forth as a day-by-day list of events that occurred between February 10 and March 9, 2026. *Id.* at 3-6. It is not clear which facts are intended to show which violations or torts listed in Count II.

In Count III, Plaintiff asserts: "2 episodes of Forced Torture wrongful Incarceration. Cruel [and] unusual punishment. 1st, 4th, 8th, [and] 14th Amendment. Excessive Force, 1st Amendment, [Negligent Infliction of Emotional Distress], Intentional Indifference. Mental cruelty. Forced Starvation [and] Maln[o]urishment. Sexual Har[]assment. Malicious Prosecution. Hate crime. Conspiring against civil Rights. Denial of Civil Rights[.]" *Id.* at 7. In support of Count III, Plaintiff alleges that on February 10, 2026, Defendant Johnson maliciously twisted Plaintiff's wrist while he was handcuffed, tearing ligaments in Plaintiff's wrist. *Id.* When Plaintiff expressed that he was in extreme pain, Defendant Johnson "stripped [Plaintiff] naked with exceeding force" and kneeled on Plaintiff's neck. *Id.* Plaintiff further alleges that Defendant Johnson misused the disciplinary process, "forcing [Plaintiff] to starve for 33 days." *Id.*

Also in support of Count III, Plaintiff alleges that on April 18, 2026, Defendants Cortes and Avenado locked him in a shower, threatened him with pepper spray so that he would become naked, and sprayed chemical soap in his eyes for 2 minutes. *Id.* Plaintiff alleges that on April 23, 2026, Defendants Cortes and Avenado threatened to do it all again and to tase him if he did not "get naked," which Plaintiff states is against his Catholic faith. *Id.* As relief in this case, Plaintiff seeks his immediate release to "safe confines" and a "witness protection [i]njunction" ordering his protection until the completion of Case No. 25-3013, which is currently pending in this Court. *Id.* at 8. Plaintiff further seeks attorney fees, money damages, injunctive relief, and punitive damages in the amount of $13,000,000.00. *Id.*

(Doc. 5, p. 1-5 (footnotes omitted).)

After identifying the screening standards and the requirements for stating a plausible claim

for relief under 42 U.S.C. § 1983, the M&O explained the requirements of Rule 8 of the Federal

Rules of Civil Procedure:

Rule 8 requires that a complaint "contain . . . a short and plain statement of the claim showing that [the plaintiff] is entitled to relief." The purpose of Rule 8 "is 'to give opposing parties fair notice of the basis of the claim against them so that they

may respond to the complaint, and to apprise the court of sufficient allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right to relief.'" *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1998) (citation omitted). "To state a claim, a complaint 'must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009) (quoting *Robbins*, 519 F.3d at 1250). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013).

> "[A]ll that is necessary [to satisfy Rule 8] is that the claim for relief be stated with brevity, conciseness, and clarity, a standard articulated many times over by federal courts throughout the country." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1215, at 165 (3d ed.2004). This Court has upheld such a standard of brevity and clarity in pleadings. *See Blazer v. Black,* 196 F.2d 139, 144 (10th Cir.1952) ("[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds."); *Knox v. First Sec. Bank of Utah,* 196 F.2d 112, 117 (10th Cir.1952) ("The purpose of [Rule 8] is to eliminate prolixity in pleading and to achieve brevity, simplicity, and clarity."). A Rule 8 pleading is not the proper place for the plaintiff to plead all of the evidence or to fully argue the claims. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–513, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002).

*Chavez v. Huerfano Cnty.*, 195 F. App'x 728, 729-30 (10th Cir. Sept. 1, 2006) (unpublished).

. . . .

> "Prolixity undermines a complaint's utility." *Lyman v. Bd. of Cnty. Comm'rs of Cnty. of Geary Cnty., Kansas*, 2025 WL 2855388, at *6 (D. Kan. 2025) (citation omitted). "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis. Only a generalized statement of the facts from which the defendant may form a responsive pleading is necessary or permissible." *Frazier v. Ortiz*, 2007 WL 10765, at *2 (10th Cir. Jan. 3, 2007) (emphasis omitted) (quoting *New Home Appliance Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957)). A plaintiff risks running "afoul of Rule 8 through unnecessary length and burying of material allegations in 'a morass of irrelevancies.'" *Lyman*, 2025 WL 2855388, at *6 (citation omitted).

(Doc. 5, p. 6-7.)

The M&O explained that even when the complaint was liberally construed, the Court could not determine the basis of most of the claims therein, nor was the Court confident that the complaint would give opposing parties fair notice of the basis of the claim or claims against them. *Id.* at 7. It noted that although a plausible claim could be buried in the complaint somewhere, "'[i]t is not the role of the court to sort through a lengthy complaint to construct the plaintiff's case.'" *Id.* (quoting *Chavez*, 195 F. App'x at 730). Additionally, the M&O pointed out that many of Plaintiff's claims were not supported by specific factual allegations and it cautioned Plaintiff that "[h]e must explain what each Defendant did to him, when the Defendant did it, how it harmed him, and what specific legal right he believes that Defendant violated." *Id.* at 8 (citing *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007)).

Although a failure to comply with Rule 8 justifies dismissing a complaint, the Court granted Plaintiff time to file an amended complaint that complies with Rule 8. *Id.* In the interest of efficiency, the Court identified in the M&O "additional deficiencies in the complaint so that Plaintiff may ensure they are cured in his amended complaint." *Id.* Specifically, the Court explained that the Eleventh Amendment bars suit for money damages against the State of Kansas, state officials sued in their official capacities, and state agencies. *Id.* It also explained that supervisory liability generally is not available in claims under § 1983 and Plaintiff must allege the direct personal participation of each defendant he names or meet the requirements to impose § 1983 liability on a county or its officials. *Id.* at 9. Finally, the M&O set forth the rules governing joining claims and parties in one case, noted that the complaint seemed to include claims that were not properly joined, and informed Plaintiff that he cannot obtain his release from custody as relief in a § 1983 action. *Id.* at 9-11.

**II. The Amended Complaint (Doc 6. )**

Plaintiff timely filed his amended complaint on July 14, 2026. (Doc. 6.) In the amended complaint, he names at least 11 defendants, including Edwardsville Police Department officers, Wyandotte County Sheriff's Office deputies, a city prosecutor, a district attorney, the board of county commissioners in two different counties, the state of Kansas, and the Unified Government of Wyandotte County. (*See* Doc. 6, p. 1-2.) Even after carefully reviewing the amended complaint, the Court is not confident that it has discerned the identities of all the individuals and entities Plaintiff intends to name as defendants.

Similarly, even liberally construing the amended complaint and taking all well-pleaded facts therein as true, the Court cannot confidently identify the nature of the claim or claim against each Defendant or the specific facts on which the claim is based. Part of this confusion is caused by Plaintiff including multiple defendants, distinct factual scenarios, and rights that were allegedly violated in each count. For example, Count I asserts the violation of 42 U.S.C. §§ 1983, 1985(2), and 1985(3) by 3 pairs of defendants. (Doc. 6, p. 4.) For each pair, Plaintiff provides supporting facts, but the "facts" include conclusory statements such as "all paired defendants conspired as 2 to deprive me of protected civil rights and keep it hidden with intentional [a]voidance of mediation reliant on unethical policy." *Id.* (all errors in original). Count II asserts the violation of the Equal Protection Clause of the Fourteenth Amendment and "failure to intervene/[d]eliberate [i]ndifference against all officers/sheriffs." *Id.* As supporting facts for Count II, Plaintiff states:

> All officer/sheriffs knew the substantial risk and harm to safety existed on my behalf as told in the background and continued facts all law enforcement defendants conspired to keep their misconduct hidden, failed to intervene on my behalf as their victim, Retaliated to my reports of misconduct/Therapy visits and treated me different than any other inmate or civilians in my same situation.

*Id.* at 4 (all errors in original). The supporting facts for Count II continue on another page:

6

Bargerstock turned off his body camera February 10th 2026 during the traffic Stop. As 2 Bargerstock and Adams submitted a false affidavits to Kirsten Casey. This false affidavit of theirs led to false charges against my name, excessive bail and the deprivation of my rights to equal protection and responsibility of due process for the things I do, not what they can fabricate. They told over 31 lies and exaggerations with complete neglect to the facts of them aiming at my head. MT Johnson, Cortes and Avenedo retaliated and conspired as 3 March 15th when I questioned the camera in johnson's glasses, telling me to "shuttup or get tazed" cortes continued as their captain to support the practice of Retaliation for protected conduct allowing Johnson and Avenedo objective to continually deter my mental health and removing the tools to [exercise] protected rights. My May 22nd Request to keep them all away from me was denied. I was retaliated against for my reports to the federal Building and Request of Relief in the grievance system. Cortez and Johnson both have a listed history of deleting footage and video Evidence necessary to view their misconduct. Employer-Employee relations exist between the several Defendants.

*Id.* at 7 (all errors in original).

Counts III through IX are similarly confusing. *Id.* at 4-9. As relief in this case, Plaintiff seeks $13,000,000.00 in damages, various forms of injunctive relief, and an order vacating state criminal charges against him. *Id.* at 10.

## III.  Discussion

Even liberally construing the amended complaint, the Court cannot determine with any clarity the precise nature of Plaintiff's claims, the identities of all individuals or entities Plaintiff intends to name as defendants, which claims are brought against which defendants, or the supporting facts for each claim. Thus, the Court cannot conclude that, if the allegations were proved, Plaintiff would have a right to relief. Similarly, the Court concludes that the amended complaint would not give opposing parties fair notice of the basis of the claim or claims against them. Therefore, like the initial complaint, the amended complaint fails to comply with Rule 8. Additionally, despite the explanations in the M&O, the amended complaint is replete with legal conclusions and conclusory statements that lack sufficient supporting factual allegations.

The Court further notes that the amended complaint alleges different factual scenarios

7

involving different defendants in different locations at different times; in short, the amended complaint joins defendants who were not involved in "the same transaction occurrence, or series of transactions or occurrences," as required by Rule 20(a) of the Federal Rules of Civil Procedure. The M&O informed Plaintiff:

> [U]nder Rule 18(a), Plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the prescribed nexus in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

*Id.*

The amended complaint, like the initial complaint, alleges facts regarding an encounter with Defendant Johnson in February 2026 and an encounter with Defendants Avenado and Cortes in April and May 2026. In the initial complaint, these encounters were identified as relating to Count III, in which Plaintiff broadly asserted the violation of the First, Fourth, Eighth, and Fourteenth Amendments by torture, wrongful incarceration, cruel and unusual punishment, excessive force, negligent infliction of emotional distress, intentional indifference, forced starvation, malnourishment, sexual harassment, malicious prosecution, conspiracy, and hate crimes. (Doc. 1, p. 7.) In the amended complaint, Plaintiff refers to these encounters in the context of Counts I, IV, VI, and VII, but he has greatly reduced the number of specific facts alleged for each instance. (*See* Doc. 6, p. 4-5, 8-9.) Although Plaintiff may have plausible claims against Defendants Avenado, Cortes, and Johnson for excessive force, he has not pled those claims in the amended complaint in a way that complies with Rule 8, Rule 18, and Rule 20. When the misjoinder of claims and parties in the amended complaint is considered alongside the failure to comply with Rule 8 and the lack of specific factual allegations, the Court concludes that this case is subject to dismissal.

Plaintiff has not taken advantage of the opportunity already granted to submit a complaint that cures the deficiencies the Court identified as existing in the initial complaint. Thus, the Court declines to allow Plaintiff the opportunity to further amend his complaint. *See Jensen v. West Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (explaining that refusing leave to amend is justified when there is "'failure to cure deficiencies by amendments previously allowed'"). The Court will therefore dismiss this matter without prejudice. Because the dismissal is without prejudice, it will not operate to bar Plaintiff from bringing his claims in a future lawsuit, providing that he complies with all other requirements, such as the statute of limitations and the Federal Rules of Civil Procedure regarding pleading requirements and joinder of claims and parties.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for the reasons stated in this order.

**IT IS SO ORDERED.**

DATED:  This 24th day of July, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

9