**FILED**
**U.S. District Court**
**District of Kansas**
08/04/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LARRY E. GATLIN, III,

    **Plaintiff,**

    v.                        **CASE NO.  26-3143-JWL**

BRENNAN BARGERSTOCK, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and Kansas prisoner Larry E. Gatlin, III brought this civil rights action under 42 U.S.C. § 1983 in May 2026. (Doc. 1.) Plaintiff, who is currently incarcerated at the Wyandotte County Detention Center in Kansas City, Kansas, proceeds pro se and has paid the initial partial filing fee. The Court conducted the statutorily required screening of the complaint and identified deficiencies that left it subject to dismissal in its entirety. Therefore, on June 25, 2026, the Court issued a memorandum and order ("M&O") identifying the deficiencies and granting Plaintiff time to file an amended complaint that cured them. (Doc. 5.) Plaintiff timely filed his amended complaint on July 14, 2026. (Doc. 6.) The Court screened the amended complaint and found that it was subject to dismissal because it was deficient in some of the same ways as the initial complaint, so in an order issued on July 24, 2026, the Court dismissed this case without prejudice. (Doc. 7.) Judgment was entered the same day. (Doc. 8.)

Since Plaintiff is confined at a county detention center, the Court delivers its orders to Plaintiff via the United States Postal Service and Plaintiff submits documents for filing in this case the same way. On July 28, 2026, the Court received mail from Plaintiff that contained a "Motion for New Added Claims of Ongoing Dispute" and a "Motion of Psychological Evaluation

1

Conducted by Federal District Courts." (Docs. 9 and 10.) Neither motion is dated, but the postmarks on the envelopes reflect that they were mailed on July 24, 2026. (*See* Doc. 9-1 and 10-1.) "Because [Plaintiff] was a prisoner and filed his motion pro se, he may rely on the 'prison mailbox rule,' which makes the date on which he presented his motion to prison officials for mailing the filing date for timeliness purposes." *United States v. Hopkins*, 920 F.3d 690, 696 n. 8 (10th Cir. 2019). Thus, the motions were filed and Plaintiff's case was dismissed on the same day.

In light of these circumstances, the Court has carefully reviewed the motions to determine whether they would have altered its decision to dismiss this case. The "Motion for New Added Claims of Ongoing Dispute" seeks to add claims to the amended complaint. (Doc. 9.) It fails, however, to comply with the Local Rules[1] that require a party seeking to further amend an already amended complaint to attach the proposed pleading to a motion that "set[s] forth a concise statement of the amendment or leave sought." *See* D. Kan. Rule 15.1(a); *see also* Fed. R. Civ. P. 15(a)(1)-(2). Additionally, the proposed claims set forth in the motion contain insufficiently specific factual allegations to support a plausible claim for relief and, if brought in a single lawsuit, would violate the rules governing joinder of claims and parties, both deficiencies the Court identified for Plaintiff as existing in the initial complaint. (*See* Doc. 5, p. 6-11.) Thus, even if this motion had been received before the Court dismissed this case, it would have been denied and would not have altered the Court's decision to dismiss. *See Jensen v. West Jordan City*, 968 F.3d 1187, 1202 (10th Cir. 2020) (explaining that refusing leave to amend is justified when there is "'failure to cure deficiencies by amendments previously allowed'").

---

[1] The Federal Rules of Civil Procedure apply to suits brought by prisoners. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Pro se litigants must "follow the same rules of procedure that govern other litigants." See *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal rules apply to all litigants, including prisoners lacking access to counsel).

In his "Motion of Psychological Examination Conducted by Federal District Courts," Plaintiff alleges that the state courts refuse to investigate his allegations of improper and illegal acts by law enforcement and the state courts. (Doc. 10.) He requests that this Court conduct a psychological evaluation to document and prove the events occurred. (Doc. 10.) Plaintiff also argues in the motion that the federal abstention doctrines are not applicable to this case. *Id.*

This case was not dismissed because of an abstention doctrine, so Plaintiff's arguments on that topic would not have altered the Court's decision to dismiss. This case was dismissed because both the initial and amended complaints failed to state a plausible claim for relief and, to the extent the nature of the claims alleged in either could be understood, they appeared to violate the applicable rules on joinder. (*See* Doc. 7.) Moreover, Plaintiff provides no legal authority to support his request that this Court order a psychological evaluation to further investigate and develop Plaintiff's claims in this federal civil rights action. Although the Court liberally construes Plaintiff's filings because he proceeds pro se, the Court is not Plaintiff's advocate and it cannot act as such or construct arguments for him. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Even after carefully reviewing and liberally construing Plaintiff's motions, the Court concludes that no argument in either motion would have altered its decision to dismiss this case without prejudice. Therefore, the motions will be denied and this case will remain closed. As explained in the order of dismissal, since this case was dismissed without prejudice, the dismissal "will not operate to bar Plaintiff from bringing his claims in a future lawsuit, provid[ed] that he complies with all other requirements, such as the statute of limitations and the Federal Rules of Civil Procedure regarding pleading requirements and joinder of claims and parties." (Doc. 7, p. 9.)

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motions (**Docs. 9 and 10**) are **denied**. This case will remain closed.

**IT IS SO ORDERED**.

**Dated August 4, 2026, in Kansas City, Kansas.**

<div style="margin-left:40%">

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**

</div>

4