FILED
U.S. District Court
District of Kansas
08/27/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**LARRY E. GATLIN, III,**

**Plaintiff,**

**v.** **CASE NO. 26-3143-JWL**

**BRENNAN BARGERSTOCK, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff and Kansas prisoner Larry E. Gatlin, III brought this civil rights action under 42 U.S.C. § 1983 in May 2026. (Doc. 1.) The Court conducted the statutorily required screening of the complaint and identified deficiencies that left it subject to dismissal in its entirety. Therefore, on June 25, 2026, the Court issued a memorandum and order ("M&O") identifying the deficiencies and granting Plaintiff time to file an amended complaint that cured them. (Doc. 5.) Plaintiff timely filed his amended complaint on July 14, 2026. (Doc. 6.) The Court screened the amended complaint and found that it was subject to dismissal because it was deficient in some of the same ways as the initial complaint, so in an order issued on July 24, 2026, the Court dismissed this case without prejudice. (Doc. 7.) Judgment was entered the same day. (Doc. 8.)

Since Plaintiff is confined at a county detention center, the Court delivers its orders to Plaintiff via the United States Postal Service and Plaintiff submits documents for filing in this case the same way. On July 28, 2026, the Court received mail from Plaintiff that contained a "Motion for New Added Claims of Ongoing Dispute" and a "Motion of Psychological Evaluation Conducted by Federal District Courts." (Docs. 9 and 10.) Neither motion was dated, but the postmarks on the envelopes reflect that they were mailed on July 24, 2026. (*See* Doc. 9-1 and 10-

1.) "Because [Plaintiff] was a prisoner and filed his motion pro se, he may rely on the 'prison mailbox rule,' which makes the date on which he presented his motion to prison officials for mailing the filing date for timeliness purposes." *United States v. Hopkins*, 920 F.3d 690, 696 n. 8 (10th Cir. 2019). Thus, the motions were filed and Plaintiff's case was dismissed on the same day.

In light of these circumstances, the Court carefully reviewed the motions to determine whether they would have altered its decision to dismiss this case. In an M&O issued on August 4, 2026, the Court explained its conclusions that even if the motions had been received before the Court dismissed this case, they would have been denied and would not have altered the Court's decision to dismiss. (Doc. 11.) Therefore, the motions were denied and the case remained closed. *Id.*

The following day, the Court received additional motions in the mail from Plaintiff: a "motion for demand for jury trial" (Doc. 12), a "motion to include restraining orders in relief requested" (Doc. 13), and a "motion to sanction malicious process and unlawful conspiring" (Doc. 14). The envelopes in which these motions arrived appear to bear two postmarks each, one dated July 24, 2026 and one dated July 30, 2026, so it is not clear whether they were mailed on the day this case was dismissed or nearly a week later. (*See* Docs. 12-1, 13-1, and 14-1.) In an abundance of caution, the Court has considered each motion to determine whether it would have altered the decision to dismiss this case. As explained in previous orders, "[t]his case was dismissed because both the initial and amended complaints failed to state a plausible claim for relief and, to the extent the nature of the claims alleged in either could be understood, they appeared to violate the applicable rules on joinder." (Doc. 11, p. 3 (citing Doc. 7).)

The "motion for demand for jury trial" demands a jury trial on all issues so triable. (Doc. 12.) Liberally construed, the "motion to include restraining orders in relief requested" appears to

seek temporary restraining orders against the Defendants to prevent ongoing violations of Plaintiff's rights. (Doc. 13.) Finally, the "motion to sanction malicious process and unlawful conspiring" cites K.S.A. 44-1003, a state statute creating the Kansas human rights commission, and argues that the Wyandotte County Sheriff's office has engaged in malicious process and the violation of his civil rights. (Doc. 14, p. 1.) Plaintiff also asks the Court to direct Defendants to show cause why they should not be sanctioned for violating Rule 11(b) of the Federal Rules of Civil Procedure. *Id.* Even liberally construing the motions, nothing therein would have altered the Court's decision to dismiss this case. Therefore, the motions will be denied and this case will remain closed.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motions (**Docs. 12, 13, and 14**) are **denied**. This case will remain closed.

**IT IS SO ORDERED**.

**Dated August 27, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**